# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOHN ST. PIERRE,<br><br>        Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>JEFFERSON RIVER INVESTORS I, LLC,<br><br>        Defendant and Counterclaim-Plaintiff. | Civil Action No. 1:22-cv-11656-IT |

## ANSWER AND COUNTERCLAIM

Defendant and Counterclaim-Plaintiff Jefferson River Investors I, LLC ("JRI"), by its attorneys, submits the following Answer and Counterclaim as to the Complaint brought by Plaintiff John St. Pierre ("St. Pierre").

### PARTIES

1.      The allegation in Paragraph 1 that St. Pierre is a natural person is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1.

2.      The allegation in Paragraph 2 is admitted, except to state that the address for JRI is 499 Park Avenue, 27th floor, New York, NY 10022.

### JURISDICTION AND VENUE

3.      The allegation in Paragraph 3 calls for a legal conclusion and is therefore denied, except to state that jurisdiction exists in the District of Massachusetts.

-2-

4. The allegation in Paragraph 4 calls for a legal conclusion and is therefore denied, except to state that venue is appropriate in the District of Massachusetts.

## FACTUAL BACKGROUND

5. The allegations in Paragraph 5 that Legacy was a premier youth sports event and management company from some time prior to May 2020, and that at times operated affiliated companies and divisions concerning particular sports including hockey, soccer lacrosse and others, while providing tours, tournaments, camps and relates services in the United States and internationally are admitted, but JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.

6. JRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. The allegation in the first sentence of Paragraph 7 that St. Pierre became a CEO and President of SSMI is admitted, but the remaining allegations of Paragraph 7 are denied.

8. The allegation in Paragraph 8 that at some times subsequent to January 2014, Legacy conducted capital raises is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8.

9. The allegation in Paragraph 9 that a venture capital firm, Generation Capital ("GenCap") invested in the company is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9.

10. The allegation in Paragraph 10 that SSMI was restructured into Legacy Global Sports, LP, Legacy Global Sports LLC, and Legacy Global Sports Holdings, Inc. is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10.

-3-

11. JRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11. To the extent an answer is required, denied.

12. The allegation in Paragraph 12 that Legacy loaned St. Pierre $900,000 pursuant to the March 4, 2016 Promissory Note (the "Note") is admitted, and the Note speaks for itself and is incorporated by reference herein, but the remaining allegations of Paragraph 12 are denied.

13. The allegations of Paragraph 13 are admitted.

14. The allegation of Paragraph 14 that Legacy's principal place of business has been in Portsmouth, New Hampshire at certain times in the past is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the remainder of the allegations in Paragraph 14.

15. The allegations of Paragraph 15 call for a legal conclusion and are denied, except to state that the terms of the Promissory Note speak for themselves.

16. The allegation of Paragraph 16 that JRI invested $16.5 million in a capital raise by Legacy to acquire at least a 35.3% interest in Legacy is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16.

17. The allegations in Paragraph 17 about the commencement of litigation by Legacy against St. Pierre and others in *Legacy Global Sports, LP v. St. Pierre*, in Rockingham County, New Hampshire (the "NH Action"), that St. Pierre had breached his duty of loyalty to the company, and that the Board appointed a new President and CEO, and eliminated a Board seat, are admitted, but the remaining allegations of Paragraph 17 are denied.

18. The allegation in Paragraph 18 that Legacy's operations continued for a certain time after it filed the NH Action against St. Pierre is admitted, but the remaining allegations of Paragraph 18 are denied.

19. The allegations in Paragraph 19 that a Covid-19 pandemic grew in March 2020, that St. Pierre made a settlement offer to JRI, and that another entity made an indication of interest are admitted, but the remaining allegations of Paragraph 19 are denied.

20. The allegation in Paragraph 20 that certain creditors of Legacy filed on May 20, 2020 an involuntary petition for relief under Chapter 7 of the United States Bankruptcy Code is admitted, but the remaining allegations of Paragraph 20 are denied.

21. The allegation in Paragraph 21 that a stay has been in effect in the NH Action is admitted, but the remaining allegations of Paragraph 21 are denied.

22. The allegation in Paragraph 22 that Legacy did not challenge the petition for involuntary bankruptcy is admitted and any order of the Bankruptcy Court speaks for itself.

23. The allegation in Paragraph 23 that St. Pierre filed a proof of claim in the Legacy bankruptcy is admitted, but JRI lacks knowledge or information sufficient to form a belief as to the purpose for and content of the proof of claim and denies that St. Pierre has any non-frivolous claims against Legacy.

24. The allegation in Paragraph 24 that the Trustee requested authorization to sell Legacy's assets is admitted, and filings by the Trustee speak for themselves, but the remaining allegations of Paragraph 24 are denied.

25. The allegation in Paragraph 25 that the Trustee filed a motion is admitted, and the motion speaks for itself, but the remaining allegations of Paragraph 25 are denied.

26. The allegations in the first sentence of Paragraph 26 are denied. JRI lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26.

27. The allegations in Paragraph 27 that the Trustee conducted an auction of Legacy's assets and that the Trustee reported to the Court the results of the auction are admitted, and the report speaks for itself, but the remaining allegations of Paragraph 27 are denied.

28. JRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. JRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. The allegation in the first sentence of Paragraph 30 that the Trustee filed a report is admitted, and the report speaks for itself, but the remaining allegations of Paragraph 30 are denied.

31. The allegations in Paragraph 31 that after the alleged auction the Trustee demanded that St. Pierre make payment under the Note, that substantially all of the assets of Legacy Sports had been sold, and that St. Pierre failed and neglected to pay in full the principal and interest due thereon making him liable for the outstanding principal balance of $900,000 plus accrued interest from no later than March 4, 2016 are admitted, but the remaining allegations of Paragraph 31 are denied.

32. JRI lacks knowledge or information sufficient to form a belief as to the truth of the allegations setting forth the content of St. Pierre's reply to the Trustee's demand for repayment in Paragraph 32, except to deny that St. Pierre's repayment obligation had not been triggered by the bankruptcy or auction.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 that the Trustee filed a motion and JRI received an assignment of Legacy's rights under the Note are admitted, and the motion speaks for itself, but the remaining allegations of Paragraph 34 are denied.

35. The allegations in Paragraph 35 are admitted.

## COUNT I
## DECLARATORY JUDGMENT: TRIGGER OF PAYMENT OBLIGATION

36. JRI repeats and incorporates by reference its responses to the allegations contained in the above paragraphs as though fully set forth herein.

37. The allegations in Paragraph 37 call for a legal conclusion to which no response is required, except to admit that St. Pierre's payment obligations under the Note have been triggered.

38. The allegations in Paragraph 38 call for a legal conclusion to which no response is required and are otherwise denied.

39. The allegations in Paragraph 39 call for a legal conclusion to which no response is required and are otherwise denied.

40. The allegations in Paragraph 40 are denied.

## COUNT II
## DECLARATORY JUDGMENT: INTEREST; RIGHTS OF SET OFF

41. JRI repeats and incorporates by reference its responses to the allegations contained in the above paragraphs as though fully set forth herein.

42. The allegations in Paragraph 42 that the Trustee asserted that St. Pierre's payment obligation under the Note was triggered and that St. Pierre is liable for interest are admitted, but the remaining allegations of Paragraph 42 are denied.

43. The allegations in Paragraph 43 call for a legal conclusion to which no response is required and are otherwise denied.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 are denied.

46. The allegations in Paragraph 46 are denied.

47. The allegations in Paragraph 47 are denied.

WHEREFORE, JRI denies that St. Pierre is entitled to any relief whatsoever and respectfully requests that judgment be entered in its favor.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state any claim upon which relief can be granted.

### SECOND DEFENSE

St. Pierre's claims are barred, in whole or in part, by the doctrine of unclean hands.

### THIRD DEFENSE

St. Pierre's set off claims in Count II fail because they are unrelated to his indebtedness under the Note, the assignment of which to JRI was made pursuant to a final Order by the Bankruptcy Court in the Legacy proceedings, which overruled St. Pierre's objection and from which St. Pierre did not appeal.

### FOURTH DEFENSE

St. Pierre's claims are barred, in whole or in part, by the doctrine of laches, estoppel, and/or waiver.

-8-

## FIFTH DEFENSE

St. Pierre's challenges to the Note are barred, in whole or in part, by collateral estoppel or res judicata based on the final Order of the Bankruptcy Court when approving the assignment of the Note to JRI and overruling St. Pierre's objections, from which he chose not to appeal.

## SIXTH DEFENSE

Plaintiff's request for the lift of a stay of the NH Action is beyond the jurisdiction of this Court and disregards the effect of the proof of claim that he filed in the Bankruptcy Court.

Defendant reserves the right to assert additional affirmative defenses.

## COUNTERCLAIM

Counterclaim-plaintiff Jefferson River Investors I, LLC ("JRI"), for its Counterclaim against John St. Pierre ("St. Pierre"), alleges as follows:

### Nature of the Action

1.      This is a collection action by JRI on a March 4, 2016 promissory note, whereby John St. Pierre promised to repay his then-employer, Legacy Global Sports, L.P. ("Legacy") a loan in the amount of $900,000 plus interest (the "Note"). St. Pierre admits that he has not made any payment under the Note. Through this Counterclaim, JRI seeks to collect from St. Pierre unpaid and outstanding amounts under the Note, plus interest, which under the Note accrues at a rate of "2.53% per annum" until any breach, at which time Maine law provides for an interest rate of 3% above the annual one-year treasury bill rate and Massachusetts provides an interest rate of 12% per year during the pendency of this action in this District and following any judgment.

### Parties

2.      JRI is a Delaware limited liability company located at 499 Park Avenue, 27th floor, New York, NY 10022. JRI is the successor in interest to Legacy's rights under the Note, which was assigned to JRI through a settlement with the Bankruptcy Trustee of Legacy and was approved by an order of the Bankruptcy Court over St. Pierre's objection.

3.      John St. Pierre is an individual residing, upon information and belief, in North Hampton, New Hampshire.

### Jurisdiction and Venue

4.      This Court has supplemental jurisdiction over JRI's counterclaim under 28 U.S.C. § 1367. In addition, the parties have complete diversity and more than $75,000 is at stake,

exclusive of interest and costs. Personal jurisdiction is proper in this Court under the terms of the Note because St. Pierre submitted himself to federal courts in the District of Massachusetts when he filed a proof of claim alleging a $2.2 million unsecured claim against the Legacy bankruptcy estate.

5. Venue is appropriate in the District of Massachusetts because a substantial part of the events and omissions giving rise to the counterclaim occurred in the District of Massachusetts, including because the Legacy bankruptcy Trustee assigned the Note to JRI in Massachusetts and because Legacy, the holder of the Note maintained its principal place of business at 77 Sleeper St. Boston, Massachusetts from 2019 through any operation during the bankruptcy proceedings. *See In re Legacy Global Sports, Inc.*, Ch. 7, Case No. 20-bk-11157-JEB (Bkrtcy. D. Mass.) at ECF 291-4, Exh. D. 223.

## FACTUAL ALLEGATIONS

*The Promissory Note*

6. On or about March 4, 2016, St. Pierre signed a negotiable instrument promising to repay his then-employer, Legacy, a loan in the amount of $900,000 plus interest. *See* ECF 1-1 (Compl.), ¶ 13 and Exhibit 1 thereto. The terms of the Note are incorporated by reference herein.

7. The Note expressly established that it was "being executed and delivered in Maine and shall be governed and construed in accordance with the laws of the State of Maine."

8. The Note also specifies that St. Pierre submitted himself to jurisdiction and venue in "any other state, district, commonwealth, territory, county, province, or country in which assets owed by the Understaned are or may be located."

9. Under the terms of St, Pierre's unconditional obligations under the Note, the timing of St. Pierre's repayment obligation could be fixed when either of two events occurred

-10-

resulting in a change of ownership: (a) any sale of 90 percent of [Legacy's] partnership interest to a bonafide party purchaser for value or (b) the sale of all or substantially all *or substantially all* assets of the Holder to a bona fide third-party purchaser for value.

10. Upon such a change of ownership, the time for repayment of any outstanding principal balance and accrued interest became within 90 days.

11. The Note specifies that it would be in default in the event that payment is not made within the 90-day period.

12. The Note provided for an annual interest rate of 2.53% interest rate until default, at which time Maine law provides for an interest rate of 3% above the annual one-year treasury bill rate.

***St. Pierre Has Failed to Repay the Loan***

13. On or about May 20, 2020, certain creditors of Legacy commenced an involuntary Chapter 7 proceeding over Legacy in the United States Bankruptcy Court for the District of Massachusetts, which proceeded as a voluntary proceeding on or about June 23, 2020.

14. The bankruptcy filing excused any condition precedent to St. Pierre's obligation under the Note.

15. On or about August 21, 2020, Legacy's appointed Bankruptcy Trustee filed a motion with the Bankruptcy Court to request authorization to sell all or substantially all of Legacy's assets via a public online auction.

16. On or about October 1, 2020, the Trustee conduct an online auction to sell all or substantially all of Legacy's assets, properties and rights other than certain Excluded Assets (as defined in the motion) not relevant here, such as any cash on hand, causes of action or anticipated proceeds of any insurance policies.

17. On or about January 28, 2021, the Trustee reported that the auction resulted in the sale of all or substantially all of Legacy's assets totaling $407,000.

18. By letter dated June 14, 2021, the Trustee, through its counsel, demanded that St. Pierre pay the outstanding principal balance of $900,000 plus accrued interest since March 4, 2016 due under the Note as a result of the sale of all or substantially all of the assets of Legacy more than 90-days earlier.

19. By letter dated July 20, 2021, St. Pierre's counsel responded to the Trustee's counsel denying liability under the Note.

20. To date, St. Pierre has not made any payments on the Note.

*JRI is Legacy's Successor in Interest Under the Note*

21. On or about July 20, 2021, the Trustee filed a motion in the Bankruptcy Court seeking approval of a stipulated settlement between the Trustee and JRI. The settlement provided, among other things, for the assignment of Legacy's rights under the Note to JRI.

22. St. Pierre objected to the assignment to JRI.

23. On November 19, 2021 the Bankruptcy Court entered an Order overruling St. Pierre's objections and approving the stipulation of settlement between the bankruptcy Trustee and JRI, as part of which the Trustee assigned all rights under the Note to JRI. St. Pierre did not appeal from the Order approving the assignment of the Note to JRI.

24. As of the date of this pleading, St. Pierre has failed to make any payments under the Note, which remain due, plus interest and default interest under Maine law.

**COUNT ONE**
(Breach of Contract – Promissory Note)

25. JRI restates and incorporates by reference all prior allegations as if set forth herein.

-13-

26. The Note constitutes a valid and enforceable contract between the parties.

27. Legacy has performed all of its obligations under the Promissory Note.

28. Any and all conditions precedent to St. Pierre's payment under the Note have been satisfied, waived or excused. None of St. Pierre's obligations under the Note have been satisfied, waived or excused.

29. St. Pierre has breached his contractual obligations under the Note by failing to make timely and complete payments thereon.

30. St. Pierre's breach of contract proximately caused damages to JRI in an amount of unpaid principal, interest and default interest under the Note, together with pre- and post-judgment interest and other costs of collection.

**PRAYER FOR RELIEF**

WHEREFORE, JRI respectfully requests that the Court grant the following relief:

(i)   Enter judgment in favor of JRI and against St. Pierre;

(ii)  award JRI damages, no less than the outstanding Note principal amount, interest, default interest, penalties and pre- and post-judgment interest; and

(iii) award JRI such other relief as is just and reasonable under the circumstances.

Respectfully submitted,

JEFFERSON RIVER INVESTMENTS I, LLC,

By its attorneys,

s/ Lauren A Riddle
Barry S. Pollack (BBO#642064)
Phillip Rakhunov (BBO#663746)
Lauren A. Riddle (BBO#703859)
POLLACK SOLOMON DUFFY LLP
31 Saint James Ave., Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
prakhunov@psdfirm.com
lriddle@psdfirm.com

-15-

### Certificate of Service

    The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on November 11, 2022.

    /s/ Lauren A Riddle